UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 21-07359-JVS (DFM) | Date: | September 23, 2021 |
|---|---|---|---|
| Title | James Beushausen v. Heather Shirley | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On September 7, 2021, James Beushausen ("Petitioner"), a state prisoner, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Because Petitioner is not in federal custody but rather in state custody at Wasco State Prison in Kern County, California, pursuant to the judgment of the Riverside County Superior Court, see id. at 1-2, the Court construes the Petition as one brought under 28 U.S.C. § 2254.

Petitioner challenges his conviction of murder and resulting sentence of 50 years to life. See id. at 2; see also People v. Beushausen, No. E071434, 2020 WL 6018649, at *8 (Cal. Ct. App. Oct. 8, 2020) (affirming judgment in all respects). He raises four grounds for relief: (1) the trial court failed to instruct the jury about the lesser included offense of voluntary manslaughter; (2) there was insufficient evidence of murder; (3) the prosecutor committed misconduct; and (4) the trial court erred by admitting lay opinion evidence. See Petition at 3-4.

It appears that the fourth ground, regarding lay opinion evidence, has not been exhausted in state court. Although Petitioner alleges having raised all four grounds in his direct appeal in the California Court of Appeal, he alleges having raised only the first, second, and third grounds in his petition for review in the California Supreme Court. See id. at 2-3. On December 23, 2020, the California Supreme Court denied Petitioner's petition for review. See id. at 3; see also California Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (No. S265621). Thus, it appears that Petitioner has not exhausted one of his four alleged grounds for relief. He states that he has not filed any other applications, petitions, or motions with respect to his murder conviction. See Petition at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

This is a problem. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and Cnty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Here, because Petitioner has not presented all his claims to the California Supreme Court, the Petition is subject to dismissal. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." 554 U.S. at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982.

It is unclear whether Petitioner can meet the Rhines requirements. He has not requested a stay nor made the three necessary showings under Rhines. However, the Court will give Petitioner an opportunity to move for a Rhines stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**IT THEREFORE IS ORDERED** that within twenty-eight (28) days of the date of this Order, Petitioner do one of the following:

(1) show cause in writing why this action should not be dismissed without prejudice for failure to exhaust state remedies;

(2) file a formal stay-and-abey motion if he believes he can make the required showings under Rhines; or

(3) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is expressly warned that his failure to timely comply with this order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**